UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA WHITE, individually and as Guardian of Tarar Cassel, and TARAR CASSEL,<br><br>       Plaintiffs,<br><br>  v.<br><br>COMMUNITY OPTIONS, INC., VIRTUA WILLINGBORO HOSPITAL, LAUREL BROOK REHABILITATION & HEALTHCARE CENTER, POWERBACK REHABILITATION-PISCATAWAY, JOHN DOE #1-10 (fictitious) and ABC CORPORATION #1-10 (fictitious) (representing previously unidentified physicians and medical providers),<br><br>       Defendants. | Civ. Action No. 21-16601 (FLW)<br><br>**ORDER** |

  **THIS MATTER** having been opened to the Court upon a Motion to Remand (the "Motion") for lack of subject matter jurisdiction by Theodore C. Levy, Esq., counsel for plaintiffs Patricia White and Tarar Cassel ("Plaintiffs"), pursuant to 28 U.S.C. § 1447(c) [ECF No. 3]; it appearing that defendant Laurel Brook Operator, LLC d/b/a Laurel Brook Rehabilitation & Healthcare Center ("Defendant"), by and through its counsel William J. Mundy, Esq., opposes the Motion [ECF No. 5]; it appearing that on October 21, 2021, after Defendant filed its Opposition, Plaintiffs filed an appendix to their Motion attaching the Third Circuit's decision in *Estate of Maglioli v. Alliance HC Holdings, LLC*, 16 F.4th 393 (3d Cir. 2021) [ECF No. 8], which precludes Defendant's position in its Opposition that the Court possesses subject matter jurisdiction based on the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d(d), 247d-6e, and the federal officer removal statute, 28 U.S.C. § 1442(a)(1); it appearing that Defendant filed a Response on

October 26, 2021, arguing solely that *Maglioli* did not control this case because, as of that date, the decision was not yet final given that the appellants could request a rehearing within 14 days [ECF No. 9]; it appearing, however, that on February 7, 2022, the Third Circuit issued an order denying a request for rehearing, *see Estate of Maglioli v. Alliance HC Holdings, LLC*, No. 20-2833, ECF No. 92 (Feb. 7, 2022), and that the Third Circuit's decision is now precedential; it appearing that, under *Maglioli*, the Court lacks subject matter jurisdiction and must remand the case to state court, *see* 28 U.S.C. § 1447(c); the Court having considered the submissions of the parties pursuant to Federal Rule of Civil Procedure 78, and for good cause shown,

**IT IS** on this 16th day of February, 2022:

**ORDERED** that Plaintiffs' Motion to Remand is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge